IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISIAH PEARSON III, Individually and as | * | |
|   Personal Representative of the Estate of | | |
|   ISIAH PEARSON JR. | * | |
|   1A Quail Wood Parkway | | |
|   La Plata, Maryland 20646 | * | Civil Action No.: |
| | | |
| and | * | |
| | | |
| DIANE PEARSON | * | |
|   11322 G Snow Owl Place | | |
|   Waldorf, Maryland 20603 | * | |
| | | |
|         Plaintiffs, | * | |
| | | |
| v. | * | |
| | | |
| UNITED STATES OF AMERICA | * | |
|      Serve on: | | |
|      U.S. Attorney General | * | |
|      U.S. Department of Justice | | |
|      950 Pennsylvania Avenue, NW | * | |
|      Washington, D.C. 20530-0001 | | |
| | * | |
| and | | |
| | * | |
|      CHANNING D. PHILLIPS, ESQUIRE | | |
|      U.S. Attorney for the District of Columbia | * | |
|      555 4th Street, N.W. | | |
|      Washington, D.C. 20530 | * | |
| | | |
|         Defendants. | * | |

## COMPLAINT AND JURY DEMAND

Plaintiffs, Isiah Pearson III, Individually and as the Personal Representative of the Estate of Isiah Pearson Jr., and Diane Pearson, by and through their attorneys, H. Briggs Bedigian, Jon Stefanuca, and Gilman & Bedigian, LLC, hereby file this Complaint against the United States of America and for their cause of action state:

**INTRODUCTION**

1.     This action arises under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.)* and 28 U.S.C. § 1346(b)(l), for negligence, professional malpractice, and wrongful death in connection with medical care provided to Plaintiffs' Decedent, Isiah Pearson Jr., by the United States of America, by and through its agencies and agents, Washington D.C. Veteran Affairs Medical Center (hereinafter "DCVA"), Bahman Sadr, M.D., Rachel Harrison, M.D., Jasmine Bauknight, M.D., and Dr. Mills.

2.     At all relevant times hereto, the Health Care Providers involved in Decedent's care, including, but not limited to, Dr. Sadr, Dr. Harrison, and Dr. Mills, acted within the scope of their agency and/or employment with DCVA and the United States of America.

3.     The claims herein are brought against Defendant United States of America pursuant to the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.)* and 28 U.S.C. § 1346(b)(l), for money damages as compensation for personal injuries and wrongful death caused by Defendant United States of America's negligence.

4.     Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *See* Standard Form 95 attached as Exhibit 1 (without attachments).

5.     This suit has been timely filed in that Plaintiffs timely served notice of their claim on Defendant, United States of America, less than two years after the incident forming the basis of this suit.

6.     Plaintiffs are now filing this Complaint pursuant to 28 U.S.C. § 1346(b), 2671-2680, after receiving the Department of Veterans Affairs' July 14, 2017, notice of denial of the administrative tort claim. *See* Exhibit 2.

**PARTIES, JURISDICTION, AND VENUE**

7.      Decedent, Isiah Pearson Jr., was a resident of LaPlata, Maryland prior to his death.

8.      Plaintiff, Isiah Pearson III, is a resident of LaPlata, Maryland. Mr. Pearson III is the biological son of Isiah Pearson Jr. and the court-appointed Personal Representative of his Estate (Estate No. 102141).

9.      Plaintiff, Diane Pearson, is a resident of Waldorf, Maryland. Ms. Pearson is the wife of Isiah Pearson Jr.

10.     The named Health Care Provider, United States of America, by and through its agencies and agents, including, but not limited to, DCVA, Bahman Sadr, M.D., Rachel Harrison, M.D., Jasmine Bauknight, M.D., and Dr. Mills, was doing business in the District of Columbia at 50 Irving Street, NW, Washington, DC 20422.

11.     At all relevant times, DCVA was organized and operated to render health care services, including services in the field of surgery and orthopedics to patients like the Decedent.

12.     Bahman Sadr, M.D., was a healthcare provider licensed to practice medicine in the District of Columbia. At all relevant times, Dr. Sadr was employed by DCVA and/or the United States of America, and he was otherwise deemed a public health service employee under 42 U.S.C. 233. At all relevant times, he acted within the scope of his employment and/or agency with DCVA and the United States of America.

13.     Rachel Harrison, M.D., was a healthcare provider licensed to practice medicine in the District of Columbia. At all relevant times, Dr. Harrison was employed by DCVA and/or the United States of America, and she was otherwise deemed a public health service employee under

3

42 U.S.C. 233. At all relevant times, she acted within the scope of her employment and/or agency with DCVA and the United States of America.

14.     Jasmine Bauknight, M.D., was a healthcare provider licensed to practice medicine in the District of Columbia. At all relevant times, Dr. Bauknight was employed by DCVA and/or the United States of America, and she was otherwise deemed a public health service employee under 42 U.S.C. 233. At all relevant times, she acted within the scope of her employment and/or agency with DCVA and the United States of America.

15.     Dr. Mills was a healthcare provider licensed to practice medicine in the District of Columbia at 50 Irving Street, NW, Washington, DC 20422. At all relevant times, Dr. Mills was employed by DCVA and/or the United States of America, and she/he was otherwise deemed a public health service employee under 42 U.S.C. § 233. At all relevant times, she/he acted within the scope of his/her employment and/or agency with DCVA and the United States of America.

16.     The United States of America is vicariously liable for the actions and/or inactions of its agencies as well as its agents and/or employees identified in this Complaint.

17.     The United States of America, including its directors, officers, operators, administrators, employees, agents and staff, including DCVA, Bahman Sadr, M.D., Rachel Harrison, M.D., Jasmine Bauknight, M.D., and Dr. Mills are hereinafter collectively referred to as "Defendant" or "United Stated of America."

18.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1346 (b)(1).

19.     Venue is proper in this Court pursuant to 28 U.S.C. §1402(b) in that all or a substantial part of the acts and/or omissions forming the basis of these claims occurred in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

20.     Decedent, Isiah Pearson Jr. (hereinafter "Decedent"), presented to the emergency department at DCVA on 1/18/2016 after suffering a fall. The health care providers at DCVA determined that Mr. Pearson required emergent surgery to repair his quadriceps tendon in his right knee.

21.     The surgery took place on 1/21/16 at DCVA and was performed by Rachel Harrison, M.D. Mr. Pearson was at high risk of developing a pulmonary embolism.  Decedent's age, the nature of his surgery, his weight, the fact that he had a post-operative cast, and his relative immobility after the surgery were all risk factors for developing an embolic event.

22.     According to the operative report, the postoperative plan for Mr. Pearson was to discharge him with the necessary Deep Vein Thrombosis (DVT) prophylaxis to prevent a potentially fatal pulmonary embolism after discharge. These interventions were never initiated.

23.     Mr. Pearson was at a great risk of developing a pulmonary embolism, yet his was discharged on 1/21/16 with no DVT prophylaxis.

24.     Despite Mr. Pearson's risk factors for a pulmonary embolism, the health care providers at DCVA deviated from the applicable standards of care by failing to appropriately prescribe prophylactic anticoagulation medications and other prophylactic interventions.

25.     According to the medical records, the only medications listed in Mr. Pearson's discharge papers were Acetaminophen and Percocet, which were for his pain only. The failure to prescribe DVT prophylaxis directly and proximately caused Mr. Pearson to develop a fatal pulmonary embolism.

26.     According to the autopsy report, Mr. Pearson died just four days after the surgery on 1/25/16 from a "pulmonary embolism most likely originating from a deep vein thrombosis of the right leg and temporally related to a recent orthopedic procedure."

27.     Mr. Pearson would not have died had DCVA and its health care providers complied with the applicable standards of care.

28.     Decedent in no way contributed to his injuries and death and in no way assumed the risk of his injuries and death.

## COUNT I (NEGLIGENCE, SURVIVAL ACTION)

29.     Plaintiff, Isiah Pearson III, as the Personal Representative of Decedent's Estate, hereby incorporates by reference each and every allegation contained in the above paragraphs and in all subsequent counts as if fully stated herein.

30.     In its care and treatment of the Decedent, the Defendant, acting individually and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, Dr. Sadr, Dr. Harrison, Dr. Bauknight, Dr. Mills, and DCVA, owed Decedent the duty to exercise that degree of care and skill which similarly qualified medical professionals are required to provide under the same or similar circumstances. Otherwise, Defendant had a duty to comply with the applicable/national standards of care in its care, treatment and discharge of the Decedent.

31.     The applicable standards of care required the Defendant, acting by and through its actual and/or apparent agents, servants and/or employees, to properly assess and appreciate the nature of Decedent's medical condition, including his risk for developing embolic events, and to discharge the Decedent with appropriate interventions and DVT prophylaxis to properly manage Decedent's risk for embolic events.

6

32.    The Defendant, acting individually and/or by and through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, Dr. Sadr, Dr. Harrison, Dr. Bauknight, Dr. Mills, and DCVA, breached the applicable standards of care in its treatment of the Decedent by, *inter alia*:

       a.    Failing to prescribe Decedent appropriate medications upon discharge;

       b.    Failing to initiate appropriate interventions upon Decedent's discharge;

       c.    Failing to give Decedent necessary DVT prophylaxis;

       d.    Failing to appropriately assess the nature of Decedent's medical condition;

       e.    Failing to assess and appreciate Decedent's risk for developing embolic events;

       f.    Failing to inform Decedent about the true nature of his medical condition and need for appropriate medications, interventions, and prophylactic measures; and

       g.    And this Defendant was otherwise negligent.

33.    As a direct and proximate result of the negligence of the Defendant, acting by and through its actual and/or apparent agents, servants and/or employees, Decedent did not receive necessary DVT prophylaxis, and he developed a fatal pulmonary embolism. As a further direct and proximate result of this Defendant's negligence, Decedent suffered conscious mental, emotional and physical pain and suffering as well as fear, anxiety, despair and agony prior to his demise. Defendant's Estate has suffered earnings losses associated with Defendant's death.

WHEREFORE, Isiah Pearson III, as the Personal Representative of the Estate of Isiah Pearson Jr., brings this action against the Defendant and seeks compensatory damages in the

amount of $25,000,000.00 to adequately and fairly compensate the Estate, plus costs and interest, and such other and further relief as may be deemed appropriate.

## COUNT II (NEGLIGENCE, WRONGFUL DEATH ACTION)

Plaintiffs, Isiah Pearson III, Diane Pearson, Individually, by and through their undersigned attorneys, sue the Defendant and state as follows:

34.     The Plaintiffs incorporate by reference and re-allege the above paragraphs and all remaining Counts of this Complaint as if fully stated herein.

35.     The Defendant, acting by and through its actual and/or apparent agents, servants, and/or employees, departed from applicable standards of care and was otherwise negligent as more fully alleged in Count I and failed to acquire Decedent's informed consent as more fully alleged in Count III.

36.     As a direct and proximate result of the above mentioned deviations from the applicable standards of care and/or the failure to obtain informed consent by the Defendant, acting by and through its actual and/or apparent agents servants and employees, Plaintiffs have suffered and will continue to suffer, loss of guidance and counsel, loss of companionship, and loss of quality of life along with other cognizable non-economic injuries. Plaintiffs lost their father and husband.

37.     As a further direct and proximate result of Defendant's negligence, Plaintiffs sustained a complete loss of financial support assistance/income from the Decedent, which he had been providing.

WHEREFORE, Plaintiffs, Isiah Pearson III, Diane Pearson, Individually bring this action against the Defendant and seeks $25,000,000.00 in compensatory damages to adequately and

fairly compensate them and make them whole, together with costs, interest and such other and further relief as justice may require.

## COUNT III (INFORMED CONSENT)

Plaintiff, Isiah Pearson III, as the Personal Representative of the Estate of Isiah Pearson Jr., hereby sues the Defendant, and for cause of action states as follows:

38.     The Plaintiff incorporates by this reference and re-alleges the above paragraphs of this Complaint as if fully stated herein.

39.     The Defendant, acting individually and/or by and/or through their respective actual and/or apparent agents, servants, and/or employees, owed the Decedent the duty to appropriately inform him about the nature of his medical condition, the proposed medical treatments/interventions for the condition, the indications for the medications/interventions, the material risks of the proposed treatment/interventions/discharge, and the alternatives to the proposed treatments/interventions/discharge.

40.     The Defendant, acting by and through its actual and/or apparent agents, servants, and/or employees, including Dr. Sadr, Dr. Harrison, Dr. Bauknight, Dr. Mills, failed to adequately and appropriately inform Decedent and to obtain his informed consent.  Specifically, Defendant failed to disclose Decedent's risk for developing an embolic event and failed to disclose that post-operative DVT prophylaxis were available and could be used to manage and reduce Decedent's risk for developing an embolic event.

41.     Had the Defendant, acting by and through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, Dr. Sadr, Dr. Harrison, Dr. Bauknight, and Dr. Mills, fully informed Decedent about the true nature of his medical condition, including the fact that he was at great risk for developing a pulmonary embolism and that DVT prophylaxis

could be used to manage this risk, Decedent, like any reasonable person, would have chosen to receive timely medications/interventions to manage his risk and to prevent his pulmonary embolism. Consequently, Decedent and Plaintiffs would not have sustained injuries as alleged, and Decedent would have survived.

42.   As a direct and proximate result of Defendant's failure to obtain Decedent's informed consent, acting by and through its actual and/or apparent agents, servants and/or employees, Decedent suffered a fatal pulmonary embolism as well as conscious pain and suffering, pain, fear, anxiety, agony and despair prior to his demise.

WHEREFORE, Plaintiff, Isiah Pearson III, Individually and as Personal Representative of the Estate of Isiah Pearson Jr., and Diane Pearson, Individually, bring this action against the Defendant and seeks $25,000,000.00 in compensatory damages to adequately and fairly compensate them and make them whole, together with costs, interest and such other and further relief as justice may require.

Respectfully submitted,

GILMAN & BEDIGIAN, LLC

H. Briggs Bedigian, Esquire #495503
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
410 560-4999
*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

The Plaintiffs hereby request a jury trial for the above-captioned matter and for all claims raised in their Complaint.

H. Briggs Bedigian

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any, (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| Office of Chief Counsel (02) 251 North Main Street Winston-Salem, North Carolina 27155 | Isiah Pearson Jr. (Claimant, deceased) Isiah Pearson III (Personal Representative) 1A Quail Wood Parkway La Plata, MD 20646 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 07/20/1952 | Married | 01/21/2016 | Thursday | Approx. 3:00 P.M. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Decedent was admitted to undergo a right quadriceps tendon repair surgery on 01/26/16. His coagulation status was not appropriately assesses, screened, addressed, evaluated, monitored and treated. He was discharged with inadequate interventions, treatment and monitoring, thereby developing a fatal pulmonary embolism.

See attached report for additional information.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A. This is a personal injury action.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Pain and suffering and non-economic damages claimed by the Decedent. Pain and suffering and other non-economic damages as well as loss of pecuniary support claimed by Decedent's surviving wife and three children. See also attached report.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Rachel Harrison, MD | 50 Irving St. NW, Washington, DC 20422 |
| Bahman Sadr, MD | 50 Irving St. NW, Washington, DC 20422 |
| See names in attached records | See attached medical records |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 25,000,000 | 25,000,000 | 50,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Isiah Pearson 3rd* (signature) | 301 535-4912 | 11/18/16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



Ex 1

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV (2/2007) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>Office of Chief Counsel (02)<br>251 North Main Street<br>Winston-Salem, North Carolina 27155 | 2. Name, address of claimant, and claimant's personal representative if any, (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Isiah Pearson Jr. (Claimant, deceased)<br>Diane Pearson (Wife)<br>1A Quail Wood Parkway<br>La Plata, MD 20646 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>07/20/1952 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>01/21/2016   Thursday | 7. TIME (A.M. OR P.M.)<br>Approx. 3:00 P.M. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Decedent was admitted to undergo a right quadriceps tendon repair surgery on 01/26/16. His coagulation status was not appropriately assesses, screened, addressed, evaluated, monitored and treated. He was discharged with inadequate interventions, treatment and monitoring, thereby developing a fatal pulmonary embolism.

See attached report for additional information.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A. This is a personal injury action.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Pain and suffering and non-economic damages claimed by the Decedent. Pain and suffering and other non-economic damages as well as loss of pecuniary support claimed by Decedent's surviving wife and three children. See also attached report.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Rachel Harrison, MD | 50 Irving St. NW, Washington, DC 20422 | |
| Bahman Sadr, MD | 50 Irving St. NW, Washington, DC 20422 | |
| See names in attached records | See attached medical records | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 25,000,000 | 25,000,000 | 50,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side)<br><br>*Diane Pearson*<br><br>CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government  (See 31 U.S.C. 3729) | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>301-326-6386 | 14. DATE OF SIGNATURE<br>11/15/16 |
|---|---|---|
| | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) | |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the incident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  Authority:  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B.  Principal Purpose:  The information requested is to be used in evaluating claims.
  C.  Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D.  Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses

STANDARD FORM 95 REV. (2/2007) BACK



# STATE OF MARYLAND
# LETTERS OF ADMINISTRATION
# OF A SMALL ESTATE

Estate No. 102141

I certify that administration of the Estate of

**ISIAH HOLLIS PEARSON JR**

was granted on the ___4th___ day of ___FEBRUARY, 2016___ ,

to ISIAH PEARSON III

as personal representative(s) and the appointment is in effect

this ___4th___ day of ___FEBRUARY, 2016___

☐ Will probated _____
(date)

☑ Intestate estate

☐ Unprobated Will - Probate Not Required

_Cereta A. Leetta_

CERETA A. LEE

Register of Wills for

PRINCE GEORGE'S

VALID ONLY IF SEALED WITH THE SEAL OF THE COURT OR THE REGISTER

RW1107

ROWNET
11/2009

Jon Stefanuca, Esquire
Gilman and Bedigian, LLC
108 W. Timonium Road, Suite 203
Timonium, Maryland 21 093

RE: Isiah Pearson, Jr. v. Washington DC VA Medical Center

Dear Mr. Stefanuca:

    At your request I have reviewed the medical records of Isiah Pearson Jr., from Washington D.C. VA Medical Center ("DCVA"). Based upon my education, training, experience and knowledge of the subject matter and my review of the relevant medical records, I have determined that there were deviations from the applicable standards of care by health care providers at the DCVA. It is my opinion, to a reasonable degree of medical probability, that the deviations discussed below were the direct and proximate cause of Mr. Pearson's death.

    According to the medical records Mr. Pearson presented to the emergency room at DCVA on 1/18/16 after suffering a fall. The health care providers at DCVA determined that Mr. Pearson needed emergent surgery to repair his quadriceps tendon in his right knee. The surgery took place on 1/21/16 at DCVA and was performed by Rachel Harrison, M.D. Mr. Pearson was at high risk of developing a pulmonary embolism. As such, the use of Sequential Compression Devices (SCDs) and Thromboembolism Deterrent Stockings (TEDs) during the surgery was appropriate. According to the operative report, the postoperative plan for Mr. Pearson was to discharge him with the necessary Deep Vein Thrombosis (DVT) prophylactic medications and other DVT interventions to prevent a potentially fatal pulmonary embolism after discharge. These interventions were never initiated.

    Mr. Pearson was at a great risk of developing a pulmonary embolism after his surgery. The lower extremity surgery alone is a major risk factor for a pulmonary embolism. Mr. Pearson had numerous other risk factors. He was 63-years old, he was immobile prior to surgery, he was on bedrest throughout his hospital stay, and his entire right leg was in a cast extending all the way to his buttocks at the time of discharge, rendering the leg entirely immobile. Despite all of Mr. Pearson's risk factors for a pulmonary embolism, the health care providers at DCVA deviated from the standards of care by failing to appropriately prescribe Mr. Pearson DVT prophylactic anti-coagulant medications. This is true notwithstanding the fact that the surgeon expressly indicated the need for anticoagulation medications upon discharge.

    According to the medical records, the only medications listed in Mr. Pearson's discharge papers were Acetaminophen and Percocet, which were for his pain only. The failure to prescribe anticoagulants directly and proximately caused Mr. Pearson to develop a fatal pulmonary embolism. According to the autopsy report, Mr. Pearson died just four days after the surgery on 1/25/16, from a "pulmonary embolism most likely originating from a deep vein thrombosis of the right leg and temporally related to a recent orthopedic procedure." Mr. Pearson would not have died had DCVA and its health care providers complied with the applicable standards of care.

It is my opinion, to a reasonable degree of medical certainty that, DCVA and its Health Care Providers, acting individually and/or collectively, deviated from the standards of care and that those deviations were the proximate cause and/or a substantial contributing cause of Mr. Pearson's death. It is also my opinion, to a reasonable degree of medical certainty, that, had DCVA and its Health Care Providers, including, but not limited to, Bahman Sadr, M.D., Rachel Harrison, M.D., Jasmine Bauknight, M.D. and Dr. Mills, complied with the standards of care, and had Mr. Pearson received the appropriate medications/interventions upon discharge (i.e., adequate DVT prophylaxis), Mr. Pearson would not have been at such an increased risk to suffer a fatal pulmonary embolism . Thus, it is my opinion that the deviations from the standards of medical care placed Mr. Pearson at unnecessary and unreasonable risk of harm, causing his premature demise.

This report is not, nor is it intended to be, an exhaustive description of all my opinions, conclusions and/or their basis. My opinions, as stated above, are given with a reasonable degree of medical probability and/or certainty and may be modified and/or supplemented upon review of additional information and/or documents.

Very truly yours,

Henry A. Bucko, Jr., M.D.



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Chief Counsel – North Atlantic District South
251 North Main Street, Winston-Salem, NC 27155

In Reply Refer to: 311453

7013 0600 0001 2598 2073

Sent Certified Mail

July 14, 2017

Gilman & Bedigian, LLC
Attn: H. Briggs Bedigian
108 W. Timonium Rd.
Suite 203
Timonium, MD 21903

    Re:    Denial of Administrative Tort Claims
               Isiah Pearson, Jr. (Deceased), Diane Pearson, Isiah Pearson III

Dear Mr. Bedigian:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your clients' administrative tort claims. Our adjudication included a review of medical records, a review of the claims by medical reviewers in different parts of the country, and interviews of medical personnel.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed your claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of his or her employment that caused compensable harm. Accordingly, we deny the claims.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means:

    (1) by mail to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420;
    (2) by data facsimile (fax) to (202) 273-6385; or
    (3) by electronic mail (e-mail) to OGC.torts@mail.va.gov.

To be timely, VA must <u>receive</u> this request within six months of the mailing of this final denial. The VA has six months to act on the reconsideration request. After that time, you have the



Ex 2

option of filing suit in an appropriate U.S. District Court under 28 U.S.C. § 2675(a).  28 C.F.R. § 14.9.

In the alternative, if you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680.  The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court.  The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)).  In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Sincerely,

Daniel C. Rattray
Chief Counsel

## CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Isiah Pearson, III, Individually as as Personal Representative of the Estate of Isiah Pearson, Jr. and Diane Pearson | United States of America |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Charles <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington, DC <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> H. Briggs Bedigian <br> Gilman & Bedigian, LLC <br> 1654 Greenspring Drive, Suite 250, Timonium, MD 21093 <br> 410 560-4999 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A–N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.  Antitrust**

- ☐ 410  Antitrust

○ **B.  Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

○ **C.  Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.  Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.  General Civil (Other)**          OR          ○ **F.  Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Federal Tort Claims Act 28 U.S.C. § 2671 and § 1346(b)(1) for negligence, malpractice and wrongful death

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 25,000,000.<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

DATE: _____9/5/17_____   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI.      CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Isiah Pearson, III, Individually and as Personal Representative of the Estate of Isiah Pearson, Jr., et al. | ) ) ) ) |
| *Plaintiff(s)* | ) ) ) |
| v. | ) Civil Action No. ) |
| United State of America | ) ) ) |
| *Defendant(s)* | ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  United States of America
Serve on:  U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  H. Briggs Bedigian, Esquire
Gilman & Bedigian, LLC
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| Isiah Pearson, III, Individually and as Personal Representative of the Estate of Isiah Pearson, Jr., et al. | )<br>)<br>)<br>) |
| _____ | ) |
| *Plaintiff(s)* | )<br>) |
| v. | )  Civil Action No. |
| United State of America | )<br>) |
| _____ | )<br>) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Channing D. Phillips, Esquire
U.S. Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   H. Briggs Bedigian, Esquire
Gilman & Bedigian, LLC
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**GILMAN & BEDIGIAN, LLC**
**OPERATING ACCOUNT**
108 W. TIMONIUM ROAD, SUITE 203
TIMONIUM, MD 21093

PNC BANK
15-3/540

13617

8/31/2017

PAY TO THE
ORDER OF    United States District Court for D.C.                           $   **400.00

Four Hundred and 00/100**********************************************************************************************    DOLLARS

United States District Court for D.C.
333 Constitution Avenue N.W.
Washington, DC 20001

MEMO

204338/Pearson, Jr., Isiah /Filing fee

AUTHORIZED SIGNATURE                                                          MP

⑈013617⑈ ⑆054000030⑆ 5315465577⑈

---

**GILMAN & BEDIGIAN, LLC / OPERATING ACCOUNT**                              13617

United States District Court for D.C.                        8/31/2017
                    204338/Pearson, Jr., Isiah /Filing fee                 400.00

Operating PNC         204338/Pearson, Jr., Isiah /Filing fee               400.00

**GILMAN & BEDIGIAN, LLC / OPERATING ACCOUNT**                              13617

United States District Court for D.C.                        8/31/2017
                    204338/Pearson, Jr., Isiah /Filing fee                 400.00

Operating PNC         204338/Pearson, Jr., Isiah /Filing fee               400.00

LMP100    M/P CHECK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>Office of Chief Counsel (02)<br>251 North Main Street<br>Winston-Salem, North Carolina 27155 | 2. Name, address of claimant, and claimant's personal representative if any, (See instructions on reverse.) Number, Street, City, State and Zip code.<br><br>Isiah Pearson Jr. (Claimant, deceased)<br>Isiah Pearson III (Personal Representative)<br>1A Quail Wood Parkway<br>La Plata, MD 20646 |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 07/20/1952 | Married | 01/21/2016 | Thursday | Approx. 3:00 P.M. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Decedent was admitted to undergo a right quadriceps tendon repair surgery on 01/26/16. His coagulation status was not appropriately assesses, screened, addressed, evaluated, monitored and treated. He was discharged with inadequate interventions, treatment and monitoring, thereby developing a fatal pulmonary embolism.

See attached report for additional information.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A. This is a personal injury action.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Pain and suffering and non-economic damages claimed by the Decedent. Pain and suffering and other non-economic damages as well as loss of pecuniary support claimed by Decedent's surviving wife and three children. See also attached report.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Rachel Harrison, MD | 50 Irving St. NW, Washington, DC 20422 |
| Bahman Sadr, MD | 50 Irving St. NW, Washington, DC 20422 |
| See names in attached records | See attached medical records |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 25,000,000 | 25,000,000 | 50,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Isiah Pearson 3rd* | 301 535-4912 | 11/18/16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT OF JUSTICE
28 CFR 14.2



## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid"

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV (2/2007) BACK

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse), Number, Street, City, State and Zip code, |
|---|---|
| Office of Chief Counsel (02) 251 North Main Street Winston-Salem, North Carolina 27155 | Isiah Pearson Jr. (Claimant, deceased) Diane Pearson (Wife) 1A Quail Wood Parkway La Plata, MD 20646 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 07/20/1952 | Married | 01/21/2016 | Thursday | Approx. 3:00 P.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Decedent was admitted to undergo a right quadriceps tendon repair surgery on 01/26/16. His coagulation status was not appropriately assesses, screened, addressed, evaluated, monitored and treated. He was discharged with inadequate interventions, treatment and monitoring, thereby developing a fatal pulmonary embolism.

See attached report for additional information.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A. This is a personal injury action.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Pain and suffering and non-economic damages claimed by the Decedent. Pain and suffering and other non-economic damages as well as loss of pecuniary support claimed by Decedent's surviving wife and three children. See also attached report.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Rachel Harrison, MD | 50 Irving St. NW, Washington, DC 20422 |
| Bahman Sadr, MD | 50 Irving St. NW, Washington, DC 20422 |
| See names in attached records | See attached medical records |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 25,000,000 | 25,000,000 | 50,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Diane Pearson* | 301-326-6386 | 11/15/16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government  (See 31 U.S.C. 3729) | Fine, imprisonment, or both (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No    17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B.  *Principal Purpose:* The information requested is to be used in evaluating claims.
  C.  *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D.  *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



# STATE OF MARYLAND
# LETTERS OF ADMINISTRATION
# OF A SMALL ESTATE

Estate No. 102141

I certify that administration of the Estate of

**ISIAH HOLLIS PEARSON JR**

was granted on the ___4th___ day of ___FEBRUARY, 2016___

to ISIAH  PEARSON III

as personal representative(s) and the appointment is in effect

this ___4th___ day of ___FEBRUARY, 2016___

☐ Will probated _____
                    (date)

☑ Intestate estate

☐ Unprobated Will - Probate Not Required

_Cereta A. Lee_

CERETA A. LEE

Register of Wills for

PRINCE GEORGE'S

VALID ONLY IF SEALED WITH THE SEAL OF THE COURT OR THE REGISTER

RW1107

ROWNET
11/2009

Jon Stefanuca, Esquire
Gilman and Bedigian, LLC
108 W. Timonium Road, Suite 203
Timonium, Maryland 21 093

RE: Isiah Pearson, Jr. v. Washington DC VA Medical Center

Dear Mr. Stefanuca:

At your request I have reviewed the medical records of Isiah Pearson Jr., from Washington D.C. VA Medical Center ("DCVA"). Based upon my education, training, experience and knowledge of the subject matter and my review of the relevant medical records, I have determined that there were deviations from the applicable standards of care by health care providers at the DCVA. It is my opinion, to a reasonable degree of medical probability, that the deviations discussed below were the direct and proximate cause of Mr. Pearson's death.

According to the medical records Mr. Pearson presented to the emergency room at DCVA on 1/18/16 after suffering a fall. The health care providers at DCVA determined that Mr. Pearson needed emergent surgery to repair his quadriceps tendon in his right knee. The surgery took place on 1/21/16 at DCVA and was performed by Rachel Harrison, M.D. Mr. Pearson was at high risk of developing a pulmonary embolism. As such, the use of Sequential Compression Devices (SCDs) and Thromboembolism Deterrent Stockings (TEDs) during the surgery was appropriate. According to the operative report, the postoperative plan for Mr. Pearson was to discharge him with the necessary Deep Vein Thrombosis (DVT) prophylactic medications and other DVT interventions to prevent a potentially fatal pulmonary embolism after discharge. These interventions were never initiated.

Mr. Pearson was at a great risk of developing a pulmonary embolism after his surgery. The lower extremity surgery alone is a major risk factor for a pulmonary embolism. Mr. Pearson had numerous other risk factors. He was 63-years old, he was immobile prior to surgery, he was on bedrest throughout his hospital stay, and his entire right leg was in a cast extending all the way to his buttocks at the time of discharge, rendering the leg entirely immobile. Despite all of Mr. Pearson's risk factors for a pulmonary embolism, the health care providers at DCVA deviated from the standards of care by failing to appropriately prescribe Mr. Pearson DVT prophylactic anti-coagulant medications. This is true notwithstanding the fact that the surgeon expressly indicated the need for anticoagulation medications upon discharge.

According to the medical records, the only medications listed in Mr. Pearson's discharge papers were Acetaminophen and Percocet, which were for his pain only. The failure to prescribe anticoagulants directly and proximately caused Mr. Pearson to develop a fatal pulmonary embolism. According to the autopsy report, Mr. Pearson died just four days after the surgery on 1/25/16, from a "pulmonary embolism most likely originating from a deep vein thrombosis of the right leg and temporally related to a recent orthopedic procedure." Mr. Pearson would not have died had DCVA and its health care providers complied with the applicable standards of care.

It is my opinion, to a reasonable degree of medical certainty that, DCVA and its Health Care Providers, acting individually and/or collectively, deviated from the standards of care and that those deviations were the proximate cause and/or a substantial contributing cause of Mr. Pearson's death. It is also my opinion, to a reasonable degree of medical certainty, that, had DCVA and its Health Care Providers, including, but not limited to, Bahman Sadr, M.D., Rachel Harrison, M.D., Jasmine Bauknight, M.D. and Dr. Mills, complied with the standards of care, and had Mr. Pearson received the appropriate medications/interventions upon discharge (i.e., adequate DVT prophylaxis), Mr. Pearson would not have been at such an increased risk to suffer a fatal pulmonary embolism . Thus, it is my opinion that the deviations from the standards of medical care placed Mr. Pearson at unnecessary and unreasonable risk of harm, causing his premature demise.

This report is not, nor is it intended to be, an exhaustive description of all my opinions, conclusions and/or their basis. My opinions, as stated above, are given with a reasonable degree of medical probability and/or certainty and may be modified and/or supplemented upon review of additional information and/or documents.

Very truly yours,

Henry A. Bucke, Jr., M.D.



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Chief Counsel – North Atlantic District South
251 North Main Street, Winston-Salem, NC 27155

In Reply Refer to: 311453

7013 0600 0001 2598 2073

Sent Certified Mail

July 14, 2017

Gilman & Bedigian, LLC
Attn: H. Briggs Bedigian
108 W. Timonium Rd.
Suite 203
Timonium, MD 21903

  Re:  Denial of Administrative Tort Claims
      Isiah Pearson, Jr. (Deceased), Diane Pearson, Isiah Pearson III

Dear Mr. Bedigian:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your clients' administrative tort claims. Our adjudication included a review of medical records, a review of the claims by medical reviewers in different parts of the country, and interviews of medical personnel.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed your claim, provides for monetary compensation when a Government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. Medical negligence means there was a breach in the standard of care and that breach proximately caused an injury. The standard of care is the level at which similarly qualified medical professionals would have managed the care under the same or similar circumstances.

Our review concluded that there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of his or her employment that caused compensable harm. Accordingly, we deny the claims.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means:

  (1) by mail to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420;
  (2) by data facsimile (fax) to (202) 273-6385; or
  (3) by electronic mail (e-mail) to OGC.torts@mail.va.gov.

To be timely, VA must <u>receive</u> this request within six months of the mailing of this final denial. The VA has six months to act on the reconsideration request. After that time, you have the



option of filing suit in an appropriate U.S. District Court under 28 U.S.C. § 2675(a).  28 C.F.R. § 14.9.

In the alternative, if you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680.  The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court.  The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)).  In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Sincerely,

Daniel C. Rattray
Chief Counsel

2